UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CIV. S-03-1989 LKK PAN PS |
| v. | |
| JOSEPH VERNI, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

—oOo—

On September 23, 2003, the United States filed this action pursuant to 26 U.S.C. § 7403 to enforce a lien for unpaid income taxes assessed against defendants Joseph Verni and Juanita Smith. This court has jurisdiction over this action pursuant to 26 U.S.C. § 7402, and 28 U.S.C. §§ 1340 and 1345. Venue properly lies in this judicial district. All defendants were duly served with process.

The property that is the subject of the action is 79 Rolling Hills Court, Oroville, California, which is more particularly

described as follows:

> Parcel A:  Parcel 3, as shown on the Parcel Map of a position of the West half of Section 26, Township 19 North, Range 4 East, M.D.B. & M., which map was filled in the office of the Recorder of the County of Butte, State of California, on August 1, 1979 in Book 71 of Parcel Maps, at page 71.
>
> Parcel B:  A non-exclusive easement for road and public utility purposes over Parcels 2 and 3 of Parcel Map filed November 5, 1975 in Book 53 of Parcel Maps, at pages 90, 91 and 92.

Plaintiff moves for judgment by default.

There is no matter of right to the entry of a default judgment and its entry is within the court's reasonable discretion, even when the defendant is technically in default. Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  The court has considered the possibility of prejudice to the plaintiff, the merits of plaintiff's claim, the sufficiency of the complaint, the sum of money at stake, the possibility of a legitimate dispute about material facts, whether defendants' default was due to excusable neglect, and the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  See Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  The court determines that default judgment is appropriate.

26 U.S.C. 6321 provides that if any person liable to pay any tax neglects or refuses to pay the same after demand, the United States has a lien upon all property belonging to such person for the amount, including interest, penalties and costs.  State law

governs whether the taxpayer has an interest in property. <u>United States v. Overman</u>, 424 F.2d 1142 (9th Cir. 1970). Pursuant to 26 U.S.C. § 7403, in any such case the Attorney General, at the request of the Secretary of the Internal Revenue Service, may file a civil action to enforce the lien and in such action the court must adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property and may decree a sale of such property and distribute the proceeds according to the court's findings in respect to the interests of the parties.

First Union Mortgage Corporation, Federal Home Loan Mortgage Corporation, and Wells Fargo Home Mortgage were named defendants as lien holders pursuant to 26 U.S.C. § 7403(b) and have been dismissed pursuant to stipulation, approved by the court, acknowledging their security interests in the property are superior to the interest of the United States.

Defendants California Franchise Tax Board and Butte County Tax Collector have disclaimed any right, title or interest in the property.

By their default defendants Verni, Smith and Belton have admitted that in August 1996, the United States Tax Court entered judgment against Verni for delinquent income taxes and fraud penalties that, as of April 22, 2003, with costs and previously-assessed interest, amounted to $623,239.78 plus accrued but unassessed interest. Verni also has failed to pay $536 plus interest for a penalty assessed for tax year 1996. For the years

3

1986 and 1988 Juanita Smith owes $113,164.50 taxes, fraud penalties, cost, previously-assessed interest, plus accrued but unassessed interest.  Despite notice and demand, neither taxpayer has paid any part of these tax debts.

After the Tax Court's judgment and demand for payment, Verni and Smith, without consideration, transferred 79 Rolling Hills to defendant Belton as trustee of Appy Acres Trust but they have continuously retained possession and paid the mortgage.  The court finds that the transfer was made by Verni and Smith without receiving a reasonably equivalent value and that it was made with actual intent to defraud the United States.  California Civil Code § 3439.04.  The transfer, therefore, is a nullity with respect to the United States.  California Civil Code § 3439.07.

79 Rolling Hills should be sold and the proceeds paid to the United States in partial satisfaction of its federal tax liens after satisfaction of the superior liens of lenders as has been agreed upon by the parties.

Accordingly, I recommend that default judgment be entered against defendants Joseph Verni, Juanita Smith, and Rich Bellon as trustee of Appy Acres Trust.  The property should be sold and the proceeds paid first to the costs of sale, then to satisfy the superior liens of the lenders as previously agreed upon by the parties, then to satisfy in whole or in part the federal tax lien and accrued but unassessed interest and the balance, if any, to the taxpayers.

////

These findings and recommendations are submitted to the Honorable Lawrence K. Karlton, the United States District Judge assigned to this case.  28 U.S.C. § 636(b)(l).  Written objections may be filed within ten days after being served with these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 27, 2005.

                                  /s/ Peter A. Nowinski
                                  PETER A. NOWINSKI
                                  Magistrate Judge