UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CIV. S-03-1989 LKK PAN PS |
| v. | |
| JOSEPH VERNI, JUANITA SMITH, RICH BELLON in his capacity as the trustee of "Appy Acres Trust," et al., | FINDINGS AND RECOMMENDATION |
| Defendants. | |

-o0o-

The government began this action September 23, 2003, to reduce to judgment the outstanding federal tax liabilities of defendants Joseph Verni and Juanita Smith and to foreclose the attendant federal tax liens against their residential property at 79 Rolling Hills Court, Oroville, California 95966.[1]  As required

---

[1] The property is specifically described as:

Parcel A:  Parcel 3, as shown on the Parcel Map of a position of the

by 26 U.S.C. § 7403(b), the government named as defendants all other parties with any interest in the property: Rich Bellon as trustee of "Appy Acres Trust," the California Franchise Tax Board, the Butte County Tax Collector, First Union Mortgage Corporation (now known as Wachovia Corporation), Federal Home Loan Mortgage Corporation (aka Freddie Mac Corporation), and Wells Fargo Home Mortgage.

Verni is indebted to the United States for $623,775.78 taxes for years 1986, 1987, 1988 and 1996, plus accrued but unassessed interest and penalties. Juanita Smith is indebted to the United States for $135,164.50[2] taxes for years 1986 and 1988,

---

West half of Section 26, Township 19 North, Range 4 East, M.D.B. & M., which map was filled in the office of the Recorder of the County of Butte, State of California, on August 1, 1979 in Book 71 of Parcel Maps, at page 71.

Parcel B: A non-exclusive easement for road and public utility purposes over Parcels 2 and 3 of Parcel Map filed November 5, 1975 in Book 53 of Parcel Maps, at pages 90, 91 and 92.

[2] This court's July 28, 2005, findings and recommendations erroneously stated Juanita Smith's liability as $113,164.50. That figure was a typographical error. The correct calculation is as follows:

On January 6, 1997, the Treasury Department made the following assessments against defendant Juanita Smith for tax years 1986 and 1988:

| **TAX** | **TAX PERIOD** | **ASSESSED AMOUNTS** |
|---|---|---|
| 1040 | 12/31/86 | $ 20,643.00 Tax |
| | | $ 38,174.01 Interest |
| | | $  5,161.00 Accuracy Penalty |
| | | $ 33,636.00 Fraud Penalty |
| | | $     48.00 Fees and costs |
| | | $      0.01 Failure to Pay Penalty |
| 1040 | 12/31/88 | (1)$  9,271.00 Tax |
| | | (2)$ 18,960.22 Interest |

2

plus accrued but unassessed interest and penalties.

On September 13, 2005, the court entered default judgment against defendants Verni, Smith and Rich Bellon as trustee of "Appy Acres Trust," which held title to the Rolling Hills property pursuant to a sham transfer intended to defraud the United States. All remaining defendants have entered into court-approved stipulations regarding their respective interests or filed disclaimers of any right, title or interest in the property.³

The United States moves for entry of final judgment as to all defendants pursuant to Fed. R. Civ. P. 54(b) and seeks an order of judicial sale to permit enforcement of the default judgment against Verni, Smith and Bellon. As oral argument was unnecessary to resolve this matter, I vacated the hearing scheduled for November 16, 2005, and make these findings and recommendation.

Failure of any person to pay outstanding taxes creates a lien in the amount owed "in favor of the United States upon all

---

```
                    (3)$   2,318.00 Accuracy Penalty
                    (6)$   6,953.25 Fraud Penalty
                    (7)$       0.01 Failure to Pay Penalty
```

As of April 22, 2003, there remained due and owing on this assessment the sum of $135,164.50, plus accrued but unassessed interest and other statutory additions as provided by law.

³ Specifically, the California Franchise Tax Board filed a disclaimer October 16, 2003; Butte County filed a notice of disclaimer November 7, 2003; First Union Mortgage Corporation was dismissed by court-approved stipulation filed October 31, 2003; and the government entered into a court-approved stipulation with Wells Fargo Home Mortgage and Federal Home Loan Corporation filed October 29, 2003.

property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. The court may decree the sale of a debtor's residential property to enforce a federal tax lien. 26 U.S.C. §§ 7403(c), 7402(a); 28 U.S.C. §§ 2001, 2002; <u>United States v. Rodgers</u>, 461 U.S. 677 (1983). The court may set the terms and conditions of sale as necessary and appropriate to the circumstances. 26 U.S.C. § 7402(a); 28 U.S.C. §§ 2001. The following terms and conditions of sale are based upon those proposed by the government, which the court finds reasonable, necessary and appropriate to these circumstances.

Accordingly, I recommend the district judge issue an order entitled "Final Judgment and Order of Judicial Sale" directing the Clerk of Court to enter final judgment and authorizing the Internal Revenue Service (IRS) to foreclose on the Rolling Hills property subject to the following terms and conditions:

    1. Joseph Verni and Juanita Smith, and any other persons occupying the property shall vacate the property permanently within thirty (30) days after entry of the Final Judgment and Order of Judicial Sale, unless the United States agrees otherwise in writing. Each person shall take with them their personal property, but leave all improvements, buildings, fixtures, and appurtenances.

    2. If any person occupying the property fails or refuses to leave and vacate the property within thirty days after entry of the Final Judgment and Order of Judicial Sale, or within a later departure time agreed to by the United States, the IRS, with or without the assistance of the U.S. Marshal, is authorized and directed to take all actions reasonably necessary to evict those persons. If any person fails or refuses to remove his or her personal property by the time specified, the personal property remaining on the subject real property is deemed forfeited and abandoned. The IRS is authorized to remove and dispose of such personal property

in whatever manner it sees fit, including sale with the proceeds applied first to the expenses of sale and the remainder according to the priorities set forth in Paragraph Fourteen.

3. Pending foreclosure, Joseph Verni, Juanita Smith and Rich Bellon shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, and fixtures) in its current condition including, without limitation, maintaining fire and casualty insurance policies on the property. They shall not commit waste against the property or reduce its value or marketability, nor shall they cause or permit anyone else to do so. Defendants shall not record any instruments, publish any notice, or take any other action that may directly or indirectly adversely affect the value of the property or deter potential bidders from participating in the public auction.

4. The IRS shall have free access to the property when all occupants have vacated it or upon expiration of the period within which to vacate the property, whichever is earlier, and shall take all actions necessary to preserve the property, including changing or installing locks or other security devices until the deed is delivered to the purchaser.

5. The date and time for the sale shall be announced by the IRS.

6. The sale of the property shall be held on the premises or at the Butte County courthouse.

7. The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

8. The sale shall be free and clear of the interests of Joseph Verni, Juanita Smith, Rich Bellon and all other parties named in this case. The sale shall be made without right of redemption.

9. Notice of the sale shall be published once a week for at least four (4) consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Butte County and by any other notice the IRS deems appropriate. The notice shall contain a description of the property and the essential terms and conditions of sale.

10. A reasonable minimum bid shall be determined by the United States. If the minimum bid is not met or exceeded,

5

the IRS may, without further permission of this Court, hold a new public sale and reduce the minimum bid.

11. The successful bidder shall be required to deposit with the IRS at the time of sale a minimum of ten (10) percent of his or her bid, with the deposit to be made by cashiers or certified check payable to "United States Treasury." All potential bidders shall display to the IRS proof they are able to comply with this requirement.

12. The balance of the purchase price for the property shall be paid to the IRS by certified or cashier's check payable to the "United States Treasury" within sixty (60) days after the date the bid is accepted. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and applied to cover the expenses of the sale, with any amount remaining to be applied to the outstanding tax liability, and the property shall again be offered for sale under the terms and conditions of this order. The United States may bid as a creditor against its judgment without tender of cash.

13. The sale of the property shall be subject to confirmation by this Court as required by E. D. Cal. L. R. A-570. Absent a written objection filed within three days of sale, or the purchaser's default, the sale shall stand confirmed without any action by the Court. On confirmation of the sale and receipt of payment in full, the IRS shall execute and deliver a Certificate of Sale and Deed conveying the property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the property that are held or asserted by the plaintiff or the defendants in this action are discharged and extinguished.

14. After the sale is confirmed by this Court, the IRS shall distribute the amount paid by the purchaser as follows:

    a. First, to the IRS for the expenses of sale, including any expenses incurred in securing or maintaining the property pending sale and confirmation;

    b. Second, to Butte County for all matured and unpaid real property taxes;

    c. Third, to Wells Fargo Home Mortgage for all amounts owed under its assigned deed of trust;

    d. Fourth, to the IRS to be applied on a pro rata basis towards Joseph Verni's federal tax liabilities, plus penalties and interest, for tax years 1986, 1987, 1988,

    and 1996, and Juanita Smith's federal tax liabilities,
plus penalties and interest, for tax years 1986 and 1988.

  e. Fifth, the remainder, if any, to defendants Verni and Smith on a pro rata basis.

  These findings and recommendations are submitted to the Honorable Lawrence K. Karlton, the United States District Judge assigned to this case.  28 U.S.C. § 636(b)(1).  Written objections may be filed within ten days after being served with these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

  Dated:  November 28, 2005.

          <u>/s/ Peter A. Nowinski</u>
          PETER A. NOWINSKI
          Magistrate Judge