IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,        CIV. S-03-1989-LKK-PAN-PS

    v.

JOSEPH VERNI, et al.,        FINAL JUDGMENT AND
ORDER OF JUDICIAL SALE
        Defendants.
_____/

        This matter was referred to the Honorable Peter A. Nowinski, United States Magistrate Judge, pursuant to 28 U.S.C. §§ 636, et seq., and Local Rule 72-302.  On November 28, 2005, Judge Nowinski recommended final judgment for plaintiff and an order of judicial sale.  No objections to the findings and recommendation have been filed.

        The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the

////

magistrate judge's analysis.  Accordingly, IT IS HEREBY ORDERED that:

     1.  The Findings and Recommendations filed November 28, 2005, are adopted in full;

     2.  The Clerk of Court shall enter final judgment for plaintiff; and

     3.  The Internal Revenue Service (IRS) is authorized to foreclose on the Rolling Hills property subject to the following terms and conditions:

> 1. Joseph Verni and Juanita Smith, and any other persons occupying the property shall vacate the property permanently within thirty (30) days after entry of the Final Judgment and Order of Judicial Sale, unless the United States agrees otherwise in writing.  Each person shall take with them their personal property, but leave all improvements, buildings, fixtures, and appurtenances.
>
> 2. If any person occupying the property fails or refuses to leave and vacate the property within thirty days after entry of the Final Judgment and Order of Judicial Sale, or within a later departure time agreed to by the United States, the IRS, with or without the assistance of the U.S. Marshal, is authorized and directed to take all actions reasonably necessary to evict those persons.  If any person fails or refuses to remove his or her personal property by the time specified, the personal property remaining on the subject real property is deemed forfeited and abandoned.  The IRS is authorized to remove and dispose of such personal property in whatever manner it sees fit, including sale with the proceeds applied first to the expenses of sale and the remainder according to the priorities set forth in Paragraph Fourteen.
>
> 3. Pending foreclosure, Joseph Verni, Juanita Smith and Rich Bellon shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, and fixtures) in its current condition including, without limitation, maintaining fire and casualty insurance policies on the property.  They shall not commit waste against the property or reduce its value or marketability, nor shall they cause or permit anyone else to do so.  Defendants shall not record any instruments, publish any notice, or take any other action that may directly or indirectly

adversely affect the value of the property or deter potential bidders from participating in the public auction.

4.  The IRS shall have free access to the property when all occupants have vacated it or upon expiration of the period within which to vacate the property, whichever is earlier, and shall take all actions necessary to preserve the property, including changing or installing locks or other security devices until the deed is delivered to the purchaser.

5.  The date and time for the sale shall be announced by the IRS.

6.  The sale of the property shall be held on the premises or at the Butte County courthouse.

7.  The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

8.  The sale shall be free and clear of the interests of Joseph Verni, Juanita Smith, Rich Bellon and all other parties named in this case.  The sale shall be made without right of redemption.

9.  Notice of the sale shall be published once a week for at least four (4) consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Butte County and by any other notice the IRS deems appropriate.  The notice shall contain a description of the property and the essential terms and conditions of sale.

10.  A reasonable minimum bid shall be determined by the United States.  If the minimum bid is not met or exceeded, the IRS may, without further permission of this Court, hold a new public sale and reduce the minimum bid.

11.  The successful bidder shall be required to deposit with the IRS at the time of sale a minimum of ten (10) percent of his or her bid, with the deposit to be made by cashiers or certified check payable to "United States Treasury."  All potential bidders shall display to the IRS proof they are able to comply with this requirement.

12.  The balance of the purchase price for the property shall be paid to the IRS by certified or cashier's check payable to the "United States Treasury" within sixty (60) days after the date the bid is accepted.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and applied to cover the expenses of the sale, with any amount remaining to be applied to the outstanding tax liability, and the property shall again be offered for sale under the terms and conditions of this order.  The United

3

1 States may bid as a creditor against its judgment without tender of cash.

13. The sale of the property shall be subject to confirmation by this Court as required by E. D. Cal. L. R. A-570. Absent a written objection filed within three days of sale, or the purchaser's default, the sale shall stand confirmed without any action by the Court. On confirmation of the sale and receipt of payment in full, the IRS shall execute and deliver a Certificate of Sale and Deed conveying the property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the property that are held or asserted by the plaintiff or the defendants in this action are discharged and extinguished.

14. After the sale is confirmed by this Court, the IRS shall distribute the amount paid by the purchaser as follows:

   a. First, to the IRS for the expenses of sale, including any expenses incurred in securing or maintaining the property pending sale and confirmation;

   b. Second, to Butte County for all matured and unpaid real property taxes;

   c. Third, to Wells Fargo Home Mortgage for all amounts owed under its assigned deed of trust;

   d. Fourth, to the IRS to be applied on a pro rata basis towards Joseph Verni's federal tax liabilities, plus penalties and interest, for tax years 1986, 1987, 1988, and 1996, and Juanita Smith's federal tax liabilities, plus penalties and interest, for tax years 1986 and 1988.

   e. Fifth, the remainder, if any, to defendants Verni and Smith on a pro rata basis.

DATED: March 24, 2006.

/s/Lawrence K. Karlton
UNITED STATES DISTRICT JUDGE

4